STATE, APPELLANT, *v.* HERRON, RESPONDENT.

[Argued May 28, 1892.   Decided June 6, 1892.]

APPEALS — *Reversal of judgment of acquittal.* — When a judgment of acquittal is reversed on appeal it is proper for this court, under section 404 of the Criminal Practice Act, to remand the case to the District Court for a new trial, where the defendant may then, if he desires, plead former acquittal in bar of such new trial.

*Appeal from Third Judicial District, Deer Lodge County.*

On rehearing.   For former report, see *ante,* page 230.

DE WITT, J. — For a statement of the case see the original opinion.   Respondent asks that the decision be modified by omitting the direction for a new trial.   The statute provides (§ 404, Crim. Prac. Act): "The appellate court may reverse, affirm, or modify the judgment appealed from, and may, if necessary or proper, order a new trial.   In either case the cause

must be remanded to the court below, with proper instructions, and the opinion of the court," etc.

Respondent's brief on his motion for a rehearing is devoted wholly to the argument that the former trial was a former acquittal, and is a bar to a second trial. Our opinion on the appeal contains nothing to indicate but the plea of former acquittal may be good. We were not called upon to pass upon that point, as it was not before us. The statute requires that in either case the cause must be remanded to the court below with proper instructions. It is so remanded. When the case is called for trial the defendant may plead former acquittal (§ 221, Crim. Prac. Act), and have his plea determined. That plea is not now before us. For all that appears now, the defendant may wish to plead guilty, or he may wish to waive the plea of former acquittal, and go to trial upon the merits. (See Bishop's Criminal Procedure, § 572, and *People* v. *Lee Yune Chong*, 94 Cal. 379.)

It was our view upon the original hearing (a view to which we adhere) that under section 404 of the Criminal Practice Act, the case should be remanded to the District Court, in which court defendant may make, if he desires, and have determined, his plea of former acquittal.

BLAKE, C. J., and HARWOOD, J., concur.