STATE, RESPONDENT, *v.* ENGLISH, APPELLANT.

[Submitted May 7, 1894.    Decided May 14, 1894.]

LARCENY—*Former acquittal—Res judicata.*—Where defendant and another stole a steer from the herd of one owner, and about an hour after stole a cow from the herd of another owner, driving both off together, the stealing of each animal was a complete and independent offense, and an acquittal as to the theft of the steer is not a bar to a prosecution for the theft of the cow. Nor is the defense of an *alibi,* established upon the trial for larceny of the steer, *res judicata* that defendant was not present when the cow was stolen.

EVIDENCE—*Confessions of accomplice.*—Confessions by an accomplice in crime not made in the presence of the defendant, nor during the commission of the offense or in its furtherance, and not part of the *res gestæ,* are inadmissible against the defendant.

*Appeal from Eighth Judicial District, Cascade County.*

CONVICTION for larceny. Defendant was tried before BENTON, J. Reversed.

*Douglas Martin, Ed L. Bishop,* and *J. G. Bair,* for Appellant.

I. It must be conceded in this case that the steer, of the stealing of which appellant was acquitted, and the cow, for the stealing of which he is now prosecuted, were taken by the same two persons upon the same occasion; that the taking and driving away of the two animals was all one transaction, and that they were taken under such circumstances that the defendant could not be guilty of the larceny of the one and not guilty of the larceny of the other. (*State* v. *Cooper,* 13 N. J. L. 361; 25 Am. Dec. 490; *State* v. *Colgate,* 31 Kan. 511; 47 Am. Rep. 509; *Lander* v. *Arno,* 65 Me. 26; Bishop's Criminal Law (1892), 937; *State* v. *Thurston,* 2 McMull. 382; *Phillips* v. *State,* 85 Tenn. 551; *Roberts* v. *State,* 14 Ga. 8; 58

Am. Dec. 528; *Wilson* v. *State*, 45 Tex. 78; 23 Am. Dec. 602; *Copenhaven* v. *State*, 15 Ga. 264; *Lorton* v. *State*, 7 Mo. 59; 37 Am. Dec. 179; *State* v. *Hennesey*, 23 Ohio St. 339; 13 Am. Rep. 253; *State* v. *Nelson*, 29 Me. 335; *Fulmer* v. *Commonwealth*, 97 Pa. St. 506; *State* v. *Paul*, 81 Iowa. 596; *State* v. *Larson*, 85 Iowa, 659; *Rex* v. *Bleasdale*, 2 Car. & K. 765.) "To constitute simultaneousness it is not necessary that there should be exact coincidence in a particular point of time." (Wharton's Criminal Evidence, § 589; Wharton's Criminal Law, § 931.) In determining whether a transaction constitutes more than one offense, the ownership of the articles stolen is immaterial. (*Hoiles* v. *United States*, 3 McAr. 370; 36 Am. Rep. 106; *Lowe* v. *State*, 57 Ga. 171; *State* v. *Morphin*, 37 Mo. 373; *Lorton* v. *State*, 7 Mo. 59; 37 Am. Dec. 179; *State* v. *Newton*, 42 Vt. 537; Rapalje's Criminal Procedure, 159; *Nichols* v. *Commonwealth*, 78 Ky. 180; Bishop's New Criminal Law, 637; *Wilson* v. *State*, 45 Tex. 78; 23 Am. Dec. 602; Wharton's Criminal Evidence, § 588.) The prosecution whenever it is at liberty to join in one indictment all articles simultaneously stolen may be treated, when it selects one of them for trial, as barring itself from indicting for the others. (Wharton's Criminal Pleading and Practice, 340; note to *Roberts* v. *State*, 58 Am. Dec. 539.)

II. Even though the judgment of acquittal be not a bar to this action, still if the record shows that the particular controversy sought to be concluded was necessarily tried and determined, or that the verdict could not have been rendered without deciding that matter, then such judgment is conclusive evidence, and the prosecution was estopped to assert the contrary. (*State* v. *Dewey*, 65 Vt. 196; *Kleinschmidt* v. *Binzel*, 35 Pac. Rep. 464, 465; *ante*, p. 31; Herman on Estoppel and Res Judicata, §§ 106, 111.) The only defense made by appellant in the case in which he was acquitted, was an *alibi*—that he was not present when the two animals were together driven away, and was not one of the two persons who drove them away, and in finding him not guilty the jury necessarily passed upon and decided that question. There was no other possible ground that they could find him not guilty upon, and the con-

clusion is inevitable. "A judgment is conclusive upon every matter actually and necessarily decided in the former suit, though not then directly the point in issue. If the facts involved in the second suit are so cardinal that without them the former decision cannot stand, they must now be taken as conclusively settled." (Freeman on Judgments, §§ 256, 258. See, also, *Russell* v. *Place*, 94 U. S. 606; Herman on Estoppel and Res Judicata, §§ 105, 226, 227; *Tuska* v. *O'Brien*, 68 N. Y. 449; *Pray* v. *Hageman*, 98 N. Y. 358; Bigelow on Estoppel, 110.)

III.   The act or declaration of one conspirator or accomplice in the prosecution of the enterprise is considered the act or declaration of all, and is evidence against all. Each is deemed to assent to or command what is done by any other in furtherance of the common object. (Wharton's Criminal Law, § 702.) The act or declaration must be done or made during the pendency of the conspiracy, in pursuance of the common design and in furtherance of its objects. (*Brown* v. *United States*, 150 U. S. 93; 1 Greenleaf on Evidence, § 111; *People* v. *Moore*, 45 Cal. 19; *People* v. *Stanley*, 47 Cal. 114; 17 Am. v. *Moore*, 45 Cal. 19; *People* v. *Stanley*, 47 Cal. 114; 17 Am. Rep. 401; Wharton's Criminal Evidence, 598; Rapalje's Criminal Evidence, 254.) Acts or declarations not done or made during the pendency of the conspiracy to carry out the design are inadmissible against a co-conspirator. (*Luttrell* v. *State*, 31 Tex. Cr. Rep. 493.) The distinction between acts or declarations done or made in furtherance of the common design, and those not so made, is illustrated clearly in the following decisions: *State* v. *McGee*, 81 Iowa, 17; *Patton* v. *State*, 6 Ohio St. 470, 471; *Samples* v. *People*, 121 Ill. 547. Statements as to measures taken in the execution or furtherance of any such common design are not relevant. (7 Am. & Eng. Ency. of Law, 49, note 1; *Logan* v. *United States*, 144 U. S. 263; *New York Guar. & Ind. Co.* v. *Gleason*, 78 N. Y. 514, 515.) Mere narratives of past events are not admissible. (1 Greenleaf on Evidence, § 111; *People* v. *Aleck*, 61 Cal. 138; *People* v. *English*, 52 Cal. 211; *People* v. *Dilwood*, 94 Cal. 89; *People* v. *Irwin*, 77 Cal. 504.)

*Attorney General Henri J. Haskell,* for the state, Respond-ent.

I. The defendant's plea of *autrefois acquit* is not a good plea in bar to this information. (*Price* v. *State,* 19 Ohio, 424; *State* v. *Williams,* 45 La. Ann. 936; *Commonwealth* v. *Roby,* 12 Pick. 496; *Ashton* v. *State,* 31 Tex. Cr. Rep. 482; *Reddick* v. *State,* 31 Tex. Cr. Rep. 587; *People* v. *Kerm,* 8 Utah, 268; *Commonwealth* v. *Bakeman,* 105 Mass. 53; *Wright* v. *State,* 17 Tex. App. 152; *Alexander* v. *State,* 21 Tex. App. 407; 57 Am. Rep. 617; *Harrington* v. *State,* 31 Tex. Cr. Rep. 577; *Keeton* v. *Commonwealth,* 92 Ky. 522; *Winn* v. *State,* 82 Wis. 571; *Commonwealth* v. *Fredericks,* 155 Mass. 455; *State* v. *Horneman,* 16 Kan. 455.) In *Territory* v. *Willard,* 8 Mont. 332, the court defines the rule by which the correctness of the plea of *autrefois acquit* can be tested, as follows: " Where the evidence necessary to support the several indictments would have been sufficient to procure a legal conviction upon the first the plea is generally good, but not otherwise." (Comp. Stats., § 313, div. 3.)

II. The second point contended for by appellant must depend, if decided in his favor, upon the law of *res judicata* laid down in civil cases. The authorities cited by the state upon the first point are conclusive upon the second raised by the defendant. In order to successfully plead *res judicata* the record in the first case must be before the court in this case. (*Russell* v. *Place,* 94 U. S. 606; *Aiken* v. *Peck,* 22 Vt. 260; *Hooker* v. *Hubbard,* 102 Mass. 245.)

Per Curiam.—The defendant appeals from the judgment convicting him of the crime of larceny of one cow. The judg-ment must be reversed upon one of the points argued, but we will express our views upon some other questions raised, as it seems that they will necessarily be before the court again on a new trial.

The defendant was tried upon a plea of not guilty, and also upon the plea of *autrefois acquit.* The defendant and one Les-lie De Witt were charged with stealing a cow, named in this information, and belonging to one Lars Waldeland. They were also charged with stealing a steer belonging to Charles

Carthrae. This defendant, English, was tried for the offense of stealing the steer, and was duly acquitted. He was then tried on the other information for stealing the cow, and was convicted. It is from the judgment on this conviction that he now appeals.

The acquittal on the charge of stealing the steer is what the defendant claimed as a former acquittal which barred this prosecution. His argument proceeds upon the theory that the taking of the steer and the cow was one act, and therefore there could be but one prosecution. On the trial of this information the evidence as to the taking of the animals was to the effect that De Witt and this defendant first cut out the steer from Carthrae's herd, drove it away some distance, and left it; that about half an hour or an hour afterwards they went to the herd of Waldeland, from half mile to a mile distant, and took the cow mentioned in this information, drove her to where they had left the steer, and then drove them both way. We are of opinion that there were clearly two acts and two offenses in these transactions. The takings of the two animals were at different times, and at different places, under different circumstances, and from different owners. Each was in itself an absolute, complete, and independent offense We cannot doubt that, if an information had set up what the facts showel in this case, namely, that these persons took, and drove away the steer of Carthrae, and half an hour or an hour later, and half a mile or a mile removed, took, and drove away the cow of Waldeland, a court would have held that the information was bad, in that it set up two offenses. But defendant here is informed against for stealing the cow only, and on the trial of that information he was not in jeopardy of a conviction for stealing the steer. It is said in the case of *Territory v. Willard*, 8 Mont. 328, quoting from Wharton: " Where the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, the plea of *autrefois* is generally good, but not otherwise." Applying that rule to the case at bar, it is clear that the evidence necessary to support the information for stealing the cow would not have been sufficient to procure a legal conviction upon the information for stealing the steer. (See, also, *Territory v. Stocker*, 9 Mont. 6.)

There can be no doubt that the plea of former acquittal in this case is insufficient. It should have been so determined as a question of law by the court.

Defendant also makes the contention that the judgment upon the trial for stealing the steer is *res adjudicata* in this: that the only defense made upon the trial was an *alibi* that the defendant being acquitted, it is *res adjudicata* that he was not present when the steer was stolen; and that the evidence in this case shows that the steer and cow were stolen together and therefore it was established as *res adjudicata* that defendant was not present when the cow was stolen. But we have heretofore shown that the stealing of the steer and cow were two offenses, committed at different times and places. The defendant, under the circumstances appearing, was not necessarily absent from the one stealing because he was absent from the other.

It seems, upon the argument of this case, that Leslie De Witt, the associate of defendant in these transactions, had, before the trial of this cause, been convicted and sentenced for his participation in these events. On this trial the court, over the objection of defendant, admitted in evidence testimony of the confessions made by De Witt, implicating him and defendant in the stealing of the cow. It is clear from the testimony that these confessions were not made in the presence of defendant, nor were they made during the pendency of the commission of the larceny, nor in its furtherance, nor were they part of the *res gestœ*. They were simply narrations by De Witt, after the larceny was completed, of the events which were past and accomplished. Under such circumstances the confessions of an accomplice, or of one of two persons charged with a crime, can be used as against the confessing person only. In the case at bar they were used as against the other person only. This was error. This is elementary, and ancient and modern law; and it is just. (1 Greenleaf on Evidence, §§ 111, 233; Wharton's Criminal Evidence, 8th ed., § 699; 3 Am. & Eng. Ency. of Law, 482, notes and cases; Wharton's Criminal Law, § 696; *People* v. *Moore,* 45 Cal. 19; *McGehee* v. *State,* 58 Ala. 360; *Commonwealth* v. *Thompson,* 99 Mass. 444; *Cable* v. *Commonwealth* (Ky.), 20 S. W. Rep. 220; *State*

v. *Donelon*, 45 La. Ann. 744.)   See, also, cases cited by appel-lant.   It is a matter of regret that prosecuting attorneys should insist upon, and the trial court permit, the introduction of illegal evidence, which must result in the reversal of cases, when such errors could be so easily avoided by a little reflec-tion and research of the authorities.

The judgment is reversed, and the case is remanded for a new trial.

All concur.

*Reversed.*