STATE, APPELLANT, v. MJELDE, RESPONDENT.

(No. 1,978.)

(Submitted January 8, 1904.   Decided February 1, 1904.)

*Criminal Law — Indictment — Duplicity — Mode of Raising Question—Larceny—Property of Different Owners—Single Act of Taking—Appeal by State—Reversal—Remand.*

1.   An objection to an information for grand larceny that it joins several distinct offenses, each of which alone would constitute petit larceny, is addressed to the jurisdiction of the court, rather than to the form of the information, and therefore may be raised by an objection to the introduction of any evidence and a motion to compel an election.

2.   Three persons placed at the same time individual sums, less than $50, on the table of an agent, who by one act collected them, placed them in his pocket, and afterwards appropriated them to his own use. *Held* to constitute a single offense of grand larceny, so that an information charging that he, as the agent of such three persons, had money in his possession in the aggregate of the sums belonging to each, the specific ownership being alleged, and appropriated it to his own use, was not bad for duplicity.

3.   Where on appeal by the state—in a criminal case—from an order of the trial court directing a verdict for the defendant, the supreme court reverses such order, the case will be remanded for a new trial.

*Appeal from District Court, Sweet Grass County; Frank Henry, Judge.*

B. M. MJELDE was informed against for grand larceny, and from a directed verdict of acquittal the state appeals. Reversed.

*Mr. James Donovan, Attorney General,* for the State.

MR. COMMISSIONER POORMAN prepared the opinion for the court.

This is an appeal by the state from an order directing the jury to find for the defendant. The defendant was informed against and tried for grand larceny. The information charges the offense as follows: "That at the county of Sweet Grass, in the state of Montana, on or about the 18th day of February, A. D. 1903, and before the filing of this information, the said B. M. Mjelde was the agent of Olaus Mydland, Syvert Mydland and Lars Grosfield, and then and there had in his possession, custody and control; as such agent of the said Olaus Mydland, Syvert Mydland and Lars Grosfield, money to a large amount, to-wit, to the amount of one hundred and two dollars, and of the value of one hundred and two dollars, a more particular description thereof being to informant unknown, forty dollars of the above-described money being the property of and belonging to said Olaus Mydland, and forty dollars of the above-described money being the property of and belonging to said Syvert Mydland, and twenty-two dollars of the above-described money being the property and belonging to Lars Grosfield, the the aggregate of said sums of money, to-wit, the said amount of one hundred and two dollars, being then and there received by the said defendant, B. M. Mjelde, as such agent aforesaid, at one and the same time, from the said Olaus Mydland, Syvert Mydland and Lars Grosfield, and then and there he, the said B. M. Mjelde, as such agent aforesaid, did willfully, unlawfully and feloniously appropriate to his own use and steal said money to the amount of one hundred and two dollars, with the intent then and there to deprive and defraud," etc.

At the trial the defendant objected to the introduction of any evidence, "for the reason that said information states three separate and distinct offenses." The court overruled this objection at the time, reserving final ruling thereon until the conclusion of the state's case. The defendant then moved the court

to compel the state to elect which one of the three distinct offenses stated in the information it would proceed upon. This motion was also overruled.

The evidence introduced by the state was to the effect that Olaus Mydland, Syvert Mydland and Lars Grosfield went into the office of the defendant, and each paid to him the separate sum of money named in the information, which was to be sent by the defendant to the land office as filing fees on three distinct pieces of land; that such payment was made by all of the said parties placing their money on the table in the office of defendant at the same time, and that when the whole sum was laid on the table the defendant took the same at one time, "put a string on it, and put it in a paper," and "put it in his pocket;" that defendant did not remit the same, but appropriated it to his own use. It was shown that no one of the parties who made the payment had any interest whatsoever either in the money paid by either of the other parties or in the land for which the money was paid. At the close of the state's evidence the court directed a verdict for the defendant, and the jury thereupon returned a verdict of not guilty.

No appearance is made in this court by or on behalf of the respondent. The state insists that defendant was properly charged with grand larceny; that objections for duplicity, where the same appear on the face of the information, must be raised by demurrer; and that, if the information does not allege facts sufficient to constitute grand larceny, the district court had no jurisdiction, and should have dismissed the case without trial. Sections 1922, 1930 and 2200 of the Penal Code, *State v. Mahoney,* 24 Mont. 281, 61 Pac. 647, and *State* v. *Lee,* 33 Oregon, 506, 56 Pac. 415, are cited by the state as supporting the contention that a demurrer should have been filed. The objection made, however, is addressed to the jurisdiction of the court, rather than to the form of the information, and the law cited does not apply. The objection made is sufficient to raise the question as to whether the offense of grand larceny is stated in the information.

Section 880 *et seq.* of the Penal Code contains the definition of larceny, which is, in substance, that every person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person, takes property from the possession of another, or, having in his-possession property of another, appropriates the same to his own use, or that of any other person other than the one entitled to it, is guilty of larceny. When the property taken is of a value exceeding $50, or when it is taken from the person of another, it is termed grand larceny; otherwise, petit larceny. Under this section what at common law constituted the offenses of larceny and embezzlement are merged in the one offense of larceny, and thereby the distinction formerly recognized between cases where the taking was unlawful and those where the possession had been lawfully obtained is abolished.

Property must have an owner before it is the subject of larceny, but this statute does not define the character of that ownership—whether it is general or special, joint or several, absolute or qualified, arises from title or from possession. The particular ownership of the property stolen does not fall within the definition, and is not of the essence of the crime. Neither the legal nor moral quality of the act is affected by the fact that the property stolen, instead of being owned by one, or by two or more jointly, is the several property of different owners. The gist of the offense is the felonious taking or appropriation. The grade of the offense is determined by the value of the property taken. The time and place of the taking and the ownership of the thing taken must be alleged in the information, not to give character to the act of taking or appropriation, but merely by way of description. The fraud is against the owner; but the crime, of which the fraud is one ingredient, is against the state, and not against the owner, owners or ownership. The prosecution is conducted in the name and by the authority of the state. The owner of the property stolen is not a party thereto.

The great weight of authority sustains the principle that, where several articles of property belonging either to one or several owners are taken at the same time and place, the act is a single transaction, and constitutes but one larceny. Although the information may charge the taking of a particular article or all the articles stolen, a trial for stealing a part is a bar to any subsequent action for the stealing of the remainder. This very question was once presented to this court in *State* v. *English,* 14 Mont. 399, 36 Pac. 815, but was not directly decided. The defendant in that case was convicted of stealing a cow belonging to Lars Waldeland. Prior to that time he had been arrested and tried for stealing a steer belonging to Charles Carthrae. The facts appeared to be that defendant and one other first cut out the steer from Carthrae's herd, drove it some distance, and left it, and in about half an hour afterward they went to the herd of Waldeland, about half a mile distant, and took the cow. The court held that the taking of these two animals was at different times and places, under different circumstances, and from different owners, and that under the circumstances each was in itself an absolute, complete and independent offense.

In *Hoiles* v. *United States,* 3 MacArthur, 370, 36 Am. Rep. 106, the court, in discussing this very principle, quotes with approval 2 Russ. on Cr. 177: "But it seems that if the property of several persons, lying together in one bundle, or chest, upon the same table, or even in the same house, be stolen together at one time, the value of the whole may be put together, for such stealing is one entire felony." The court also quotes 1 Hale's P. C. 531: "But it seems to me that if, at the same time, he steals goods of A. to the value of sixpence, goods of B. to the value of sixpence, and goods of C. to the value of sixpence, being perchance in one bundle, or upon a table, or in one shop, this is grand larceny, because it is one entire felony, done at the same time, though the persons had several properties; and therefore in one indictment they make grand larceny."

In *Lorton* v. *State,* 7 Mo. 55, 37 Am. Dec. 179, the court says: "The stealing of several articles of property at the same

time and place constitutes but one offense against the laws, and the circumstance of several ownerships cannot increase or mitigate the nature of the offense." This decision is approved in *State* v. *Morphin,* 37 Mo. 373. See, also, *State* v. *Wagner,* 118 Mo. 626, 24 S. W. 219.

In *State* v. *Larson,* 85 Iowa, 659, 52 N. W. 539, it is said that an indictment charging the larceny on a certain day of thirty-two bushels of flaxseed in sacks, the property of one L., and forty-eight bushels of flaxseed, the property of one P., is not objectionable upon the ground of duplicity.

In *State* v. *Mickel et al.,* 23 Utah, 507, 65 Pac. 484, the defendant was indicted in one count for stealing twenty mares and three horses, the property of several owners, stating the names of the several owners, and specifying the number of animals belonging to each. The court held that the indictment was not bad for duplicity. To the same effect are the following: *United States* v. *Scott* (C. C.), 74 Fed. 213; *State* v. *Douglas,* 26 Nev. 196, 65 Pac. 802; *State* v. *Colgate,* 31 Kan. 511, 3 Pac. 346, 47 Am. Rep. 507; *Furnace* v. *State,* 153 Ind. 93, 54 N. E. 441; *People* v. *Johnson,* 81 Mich. 573, 45 N. W. 1119; *Haywood* v. *Territory* (Wash.), 2 Pac. 189; *State* v. *Hennessey,* 23 Ohio St. 339, 13 Am. Rep. 253; *State* v. *Nelson,* 29 Me. 329; *Fulmer* v. *Commonwealth,* 97 Pa. St. 503; *State* v. *Newton,* 42 Vt. 537; *Alexander* v. *Commonwealth,* 90 Va. 809, 20 S. E. 782; *State* v. *Merrill,* 44 N. H. 624; *State* v. *Cooper,* 13 N. J. Law, 361, 25 Am. Dec. 490; *Roberts* v. *State,* 14 Ga. 8, 58 Am. Dec. 528; *Nichols* v. *Commonwealth,* 78 Ky. 180; *Bushman* v. *Commonwealth,* 138 Mass. 507; *Gravatt* v. *State,* 25 Ohio St. 162; *Lowe* v. *State,* 57 Ga. 171; *State* v. *Warren,* 77 Md. 121, 26 Atl. 500, 39 Am. St. Rep. 401; *Waters* v. *People,* 104 Ill. 544; *Kelly* v. *State,* 7 Baxt. 323; *Wilson* v. *State,* 45 Texas, 76, 23 Am. Rep. 602; Rapalje on Larceny, par. 117.

In *State* v. *Reinhart,* 26 Oregon, 466, 38 Pac. 822, it is said that, where confidential relations exist, the aggregate amount taken by the defendant, though at different times and in differ-

ent amounts, may be considered as one act, and as constituting one offense.

Whether, under the provisions of the Penal Code, the acquittal of the defendant on the former trial is a bar to a second trial, is a question not now before the court; but the procedure heretofore observed by this court where the contentions of the state on appeal from a similar order were sustained has been to remand the case for a new trial. (*State* v. *Herron,* 12 Mont. 230, 29 Pac. 819, 33 Am. St. Rep. 576, opinion on rehearing page 300, 12 Mont., 30 Pac. 140. See, also, Section 2324, Penal Code.)

We recommend that the order appealed from be reversed, and the case remanded for a new trial.

PER CURIAM.—For the reasons stated in the foregoing opinion, the order is reversed, and the case remanded for a new trial.