## SCROGGS *v.* THE STATE.

GEORGE, J. 1. Neither the eighteenth amendment to the constitution of the United States, nor the national prohibition act generally referred to as the Volstead act, designed to carry that provision of the constitution into effect, had the effect of superseding or in any wise changing the State statute (Act Ex. Sess. 1917, p. 7) declaring it to be a misdemeanor for one to have in his possession, custody, or control intoxicating liquors in this State. See *Jones* v. *Hicks*, 150 *Ga.* 657 (104 S. E. 771).

2. Accordingly it was not erroneous to overrule a demurrer to the accusation charging the accused with having, possessing, and controlling intoxicating liquors in this State, in violation of the State statute, upon the ground that the eighteenth amendment to the constitution of the United States and the national prohibition act had superseded and abrogated the State statute.

3. The evidence authorized the verdict. HILL, J., dissents as to the sufficiency of the evidence.

*Judgment affirmed. All the Justices concur, except Hill, J., dissenting.*

No. 2275. DECEMBER 17, 1920.

Accusation of possessing intoxicating liquor. Before Judge Wheeler. City court of Hall county. September 25, 1920.

The evidence was, in brief, as follows: Kimsey, a policeman, with some other officers, searched the place of business of Ed Scroggs, the accused. When they went in, Earl Dean, who had

48

been working there, went back to the safe and closed and locked it. They tried to get him to open it, and he would not do so. Scroggs was not present. While Kimsey procured a dray the safe was kept under watch, and was then carried to the city hall and locked in a cell. In about two days Kimsey and others drilled it open and found in it four gallons of whisky. Scroggs refused to open it. It was left locked up in the city hall from the time of the raid until it was opened. Neither Kimsey nor the other witnesses who testified stayed with it all the time until it was opened. If any one had known the safe-lock combination and had a key to the cell, he could have opened it and put the whisky in it; but the witness knew "that no one did open it or put the whisky in it." Kimsey did not know whether Earl Dean owned any interest in the business or was working for Scroggs.

W. V. Lance and Boyd Sloan, for plaintiff in error.

E. D. Kenyon, solicitor, contra.