STATE EX REL. STRANAHAN, RELATOR, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 4,762.)

(Submitted December 13, 1920.  Decided December 18, 1920.)

[194 Pac. 308.]

*Intoxicating Liquors — Prohibition Act — Validity — Federal Constitution — Eighteenth Amendment — Supervisory Control.*

Intoxicating Liquors—Federal Constitution—Effect of Eighteenth Amendment.

1. *Held*, that in adopting the eighteenth amendment to the federal Constitution, the states did not deprive themselves of the power to make laws for their internal government upon the subject of intoxicating liquors, but merely surrendered the power to legalize and permit the traffic, retaining the .right to enforce within their own territory provisions against violations of the acts prohibited thereby; and so long as legislation of a state actually seeks to enforce ƀy appropriate legislation what is prohibited by such amendment, it is not objectionable, even though the state law may differ from that of Congress.

Same—Enforcement of Prohibition—Concurrent Federal and State Authority.

2. By section 2 of the eighteenth amendment to the federal Constitution, providing that the several states shall have concurrent jurisdiction to enforce the provisions of the amendment, a dual authority in this respect is established, coextensive on the part of federal and state authorities within the boundaries of the state.

Same—Prohibition Act—Validity.

3. The fact that Chapter 175, Laws of 1917, prohibiting the liquor traffic, was enacted prior to the adoption of the eighteenth amendment does not render it inoperative, since it has the same purpose in view as that .embraced in the amendment, and the provision in section 2 of the amendment authorizing the states to enforce it by "appropriate legislation" not of necessity requiring future legislation if existing laws are adapted to that end.

Same—Single Act Constituting Violation of Federal and State Laws—No Objection to Validity of State Act.

4. That a single act may constitute an offense against both federal and state laws against traffic in intoxicating liquors, for which defendant may be tried and convicted by either government, or by both, is not an objection to the validity of Chapter 175, Laws of 1917.

Criminal Law—Former Jeopardy—Waiver.

5. The plea of former jeopardy is a privilege of which one accused of crime may or may not avail himself, and which he may waive.

Supervisory Control—Defenses.

· 6. Since defendants, charged with a violation of the Prohibition Act and discharged by the trial court on the ground that the Act

Whether appeal by government after acquittal constitutes second jeopardy, see notes in 1 Ann. Cas. 664; Ann. Cas. 1913C, 772.

was inoperative, were not parties in a proceeding under writ of supervisory control requiring the court to show cause why the order of discharge should not be set aside, it (the court) could not defend on the ground that the issuance of the writ would place defendants in jeopardy a second time.

Same—Exigency Warranting Issuance of Writ.

7. A holding of the district court that the Prohibition Act (Chap. 175, Laws 1917) was inoperative, by reason of which the prosecuting officers were rendered powerless to enforce its provisions in the judicial district, *held* to have created a sufficient exigency to warrant the issuance of writ of supervisory control to review the court's decision.

Original application for writ of supervisory control to the District Court of the Eighteenth Judicial District, and F. E. Carleton, Judge thereof, to annul an order in effect declaring Chapter 175, Laws of 1917, inoperative. Writ issued.

*Mr. Albert A. Grorud*, Assistant Attorney General, and *Mr. C. R. Stranahan*, County Attorney of Hill County, argued the cause orally.

*Mr. Wm. T. Pigott*, for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HURLY delivered the opinion of the court.

An information was duly filed in the district court of Hill county charging Henry Dees, Ted Oltsvig and Paul Glenn with the crime of unlawfully introducing intoxicating liquors (whisky and beer) into the state of Montana on or about June 14, 1920. To this information the defendants entered pleas of not guilty, and upon the twenty-first day of September were placed upon trial. After a jury had been impaneled and sworn, the defendants objected to the introduction of any testimony upon the ground that the information fails to state a public offense; the point being that, our law against the traffic in intoxicating liquors having been enacted prior to the adoption of the eighteenth amendment to the federal Constitution and the passage of the Volstead Act (41 Stat. 305) by Congress, it is no longer operative. This objection was sustained, the jury discharged, and the defendants released.

The state, upon relation of the county attorney of Hill county, thereupon applied to this court for a writ of supervisory control, directed to the said district court and the judge

thereof, requiring that cause be shown why the order complained of should not be annulled. An order to show cause was issued, returnable. on the thirteenth day of December, 1920, at which time respondent judge filed demurrer upon the grounds that the application does not state facts and circumstances nor any exigency sufficient to entitle petitioner to invoke the discretion or power of the court in awarding the remedy sought.

The statute upon which the prosecution was based is found in Chapter 175 of the Laws of 1917. This Act by its terms became operative on and after December 31, 1918. The eighteenth amendment, ratified in 1919, is as follows:

"Section 1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territories subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Section 2. The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

In accordance with the authority conferred by the amendment, Congress enacted the so-called Volstead Act (41 Stats. at Large, Chap. 85, Acts of the Sixty-sixth Congress, First Session), sometimes referred to as the National Prohibition Law.

In the case of *Rhode Island* v. *Palmer,* 253 U. S. 350, 64 L. Ed. 613, 40 Sup. Ct. Rep. 486, 588, the supreme court of the United States upheld the validity of the amendment, and also sustained the Volstead Act as a valid exercise of the powers of Congress thereunder. In the opinion, paragraphs 6, 7, 8 and 9, it was said:

"6. The first section of the amendment—the one embodying the prohibition—is operative throughout the entire territorial limits of the United States, binds all legislative bodies, courts, public officers, and individuals within those limits, and of its own force invalidates every legislative Act, whether by Con-

gress, by state legislature, or by a territorial assembly, which authorized or sanctions what the section prohibits.

"7. The second section of the amendment—the one declaring 'the Congress and the several states shall have concurrent power to enforce this article by appropriate legislation,'— does not enable Congress or the several states to defeat or thwart the prohibition, but only to enforce it by appropriate means.

"8. The words 'concurrent power' in that section do not mean joint power, or require that legislation thereunder by Congress, to be effective, shall be approved or sanctioned by the several states or any of them; nor do they mean that the power to enforce is divided between Congress and the several states along the lines which separate or distinguish foreign and interstate commerce from intrastate affairs.

"9. The power confided to Congress by that section, while not exclusive, is territorially coextensive with the prohibition of the first section, embraces manufacture and other intrastate transactions as well as importation, exportation, and interstate traffic, and is in no wise dependent on or affected by action or inaction on the part of the several states or any of them."

The opinion does not define the authority of the states nor the limits to which their legislation may be carried for the enforcement of the amendment. In the special concurring opinion by Mr. Chief Justice White he said: "The power which it gives to state and nation is, not to construct or perfect or cause the amendment to be completely operative, but, as already made completely operative, to enforce it. Observe also the words of the grant which confines the concurrent power given to legislation appropriate to the purpose of enforcement." Again: "Limiting the concurrent power to enforce given by the second section to the purposes which I have attributed to it, that is, to the subjects appropriate to execute the amendment as defined and sanctioned by Congress, I assume that it will not be denied that the effect of the grant of authority was to confer upon both Congress and the states

power to do things which otherwise there would be no right to do."

In adopting the amendment, the states did not deprive [1] themselves of the power to make laws for their internal government upon the subject of intoxicating liquors. Though conferring additional powers upon Congress, they merely surrendered the power to legalize and permit a traffic now forbidden, and retained the right to enforce within their own territory provisions against violations of the acts prohibited thereby.

The fact that under the amendment Congress may enact a law, national in its scope, and that the states may likewise enact laws effective within their own boundaries, may give rise to a situation by which the laws of each state may differ from those of each other, and also differ from the laws of Congress upon the same subject. Such state laws may not permit that which the first section of the amendment forbids, nor may Acts of Congress do so. But so long as legislation of a state actually seeks to enforce, by appropriate legislation under the second section of the amendment, what is prohibited by the first, no valid objection can be made, even though the state law may differ from that of Congress. The authority of the states is not to enforce the Acts of Congress, but to enforce the amendment itself.

It is true that Article VI of the federal Constitution provides: " * * * The Constitution, and the laws * * * which shall be made in pursuance thereof, * * * shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding." Were section 1 the only portion of the amendment to be passed upon, it [2] would have to be conceded that the power of the federal government was dominant. But section 2 is now as much a part of the federal Constitution as is Article VI. If every word and every sentence of a Constitution is to be given effect where it is possible to do so, we think it apparent that the amendment creates a departure from principles long established, in providing a dual authority, coextensive on the part

of federal and state authorities within the boundaries of the particular state. In addition, it seems to us that the rule of statutory construction that a general provision must give way to, or be considered as controlled by the adoption of, a special one, would lead to the conclusion that the amendment, being special in its nature, would be controlling over Article VI in instances to which the provisions of the amendment are applicable.

That our prohibition law was enacted prior to the adoption [3] of the amendment does not thereby render it inoperative. If such prior legislation permitted that which the amendment prohibits, another question would be involved. The same point was urged in *Commonwealth v. Nickerson* (Mass.), 128 N. E. 273. The Massachusetts liquor law, enacted prior to the adoption of the amendment, was attacked. Certain provisions of that law were held inoperative in so far as they permitted sales in contravention of the terms of the amendment. The state statute, however, forbade the sale of whisky, for the illegal sale of which the defendant had been convicted. The court took judicial knowledge of the fact that whisky is an intoxicating liquor, the sale of which is forbidden by the amendment and by the previously enacted law of the state. (Rev. Laws, Chap. 100.) It was there said: ''The circumstance that R. L., Chapter 100, was enacted prior to the adoption of the eighteenth amendment does not prevent it from being 'appropriate legislation' to enforce that amendment. The words 'appropriate legislation' in that amendment do not of necessity require future and exclude existing legislation. A state law already enacted is within the purview of the words 'appropriate legislation' as used in the eighteenth amendment. If existing legislation is adapted to the end in view, it is enforceable.'' (See, also, *Ex parte Ramsey* (D. C.), 265 Fed. 952.)

That a single act may constitute an offense against both state [4] and national authority for which a defendant may be tried and convicted by either state or federal government, or by both, does not create a new or anomalous situation. As

58 Mont.—44

said by the supreme court of the United States in *Fox* v. *Ohio,* 5 How. 410, 12 L. Ed. 213 [see, also, Rose's U. S. Notes], "It is almost certain that, in the benignant spirit in which the institutions both of the state and federal systems are administered, an offender who should have suffered the penalties denounced by the one would not be subjected a second time to punishment by the other for acts essentially the same, unless indeed this might occur in instances of peculiar enormity, or where the public safety demanded extraordinary rigor. But were a contrary course of policy and action either probable or usual, this would by no means justify the conclusion that offenses falling within the competency of different authorities to restrain or punish them would not properly be subjected to the consequences which those authorities might ordain and affix to their perpetration." (See, also, *Ex parte Siebold,* 100 U. S. 371, 25 L. Ed. 717; *United States* v. *Amy,* 14 Md. 149; *Reid* v. *Colorado,* 187 U. S. 137, 47 L. Ed. 108, 23 Sup. Ct. Rep. 92 [see, also, Rose's U. S. Notes].) See, also, additional authorities cited in *Commonwealth* v. *Nickerson, supra.*

We have read with much interest and care the able and exhaustive opinion of Mr. Justice Rugg of the supreme judicial court of Massachusetts in *Commonwealth* v. *Nickerson, supra,* where each of the questions hereinbefore referred to is discussed. Except in so far as we have above indicated a somewhat different view, we agree fully with the views so ably there set forth.

It is earnestly contended that no exigency exists justifying [5, 6] the granting of the remedy sought to be invoked, and that by so doing the defendants may be placed in a second jeopardy for the offense with which they are charged. The plea of former jeopardy is a privilege of the accused of which they may or may not avail themselves, and which they may waive. (16 C. J. 285, and cases cited.)

The defendants in the criminal cause are not parties to the proceeding, nor do we know whether they will again be placed upon trial. If they shall be, and shall then enter pleas of former jeopardy, the court at that time will be in position to pass upon and determine the legal effect thereof. (*State*

v. *Herron,* 12 Mont. 300, 30 Pac. 140; *State* v. *Mjelde,* 29 Mont. 490, 75 Pac. 87.)

The district court has in effect ruled that our law prohibiting [7] traffic in intoxicating liquors is inoperative, unconstitutional and entirely void—a view with which we do not agree. It is plainly apparent that the prosecuting officers of the state are powerless to institute criminal proceedings in the district court of Hill county and in the entire eighteenth judicial district for violation of such laws. Such situation creates an exigency sufficient to justify this court in determining the question involved.

The order of the district court is therefore annulled.

ASSOCIATE JUSTICES HOLLOWAY, MATTHEWS and COOPER concur.

MR. CHIEF JUSTICE BRANTLY: I concur in the result reached by Mr. Justice HURLY, but with much reluctance, because I am not satisfied that any exigency is shown to exist calling for interference by this court to annul the order complained of.