## STATE v. JOHNSON.

No. 3754.   Decided January 4, 1923.   (212 Pac. 67.)

INTOXICATING LIQUORS—VOLSTEAD ACT HELD NOT TO SUPERSEDE STATE LAWS ABSOLUTELY PROHIBITING POSSESSION OF INTOXICATING LIQUOR. The Volstead Act, permitting the possession of intoxicating liquors in one's home for personal consumption, does not supersede the state laws absolutely prohibiting the possession of intoxicating liquor.

Appeal from District Court, Third District, Salt Lake County; *L. B. Wight,* Judge.

Proceedings by the State against Jean Johnson for the forfeiture and destruction of certain intoxicating liquor. From an order of forfeiture, defendant appeals.

AFFIRMED.

*Newton & Fowler,* of Salt Lake City, for appellant.

*Wm. H. Folland,* City Atty., and *Shirley P. Jones,* Asst. City Atty., both of Salt Lake City, for the State.

GIDEON, J.

In February, 1921, a notice and summons was served upon the appellant, Jean Johnson, commanding her to appear and

show cause before the district court of Salt Lake county why certain intoxicating liquors described in said notice should not be forfeited and destroyed as provided by law. At the hearing it was stipulated that the liquors mentioned were intoxicating liquors, that they were bonded liquors, and that they had been in the custody of the appellant in her home for personal use and purchased by her prior to January 1, 1920. The court made an order forfeiting the liquors to the state of Utah to be destroyed as provided in the state law.

The legal question involved is stated in appellant's brief:

"The sole question presented for decision is whether or not the so-called Volstead Act, permitting the possession by a person of intoxicating liquors in his own home for his personal consumption, supersedes the law of Utah which absolutely prohibits the possession of intoxicating liquors."

The question has very recently been determined by the Supreme Court of the United States in an opinion rendered December 11, 1922, *United States* v. *Lanza et al.*, 258 U. S. —, 43 Sup. Ct. 141, 66 L. Ed. ——. In the course of that opinion the court says:

"The amendment was adopted for the purpose of establishing prohibition as a national policy reaching every part of the United States and affecting transactions which are essentially local or intrastate, as well as those pertaining to interstate or foreign commerce. The second section means that power to take legislative measures to make the policy effective shall exist in Congress in respect of the territorial limits of the United States and at the same time the like power of the several states within their territorial limits shall not cease to exist. Each state, as also Congress, may exercise an independent judgment in selecting and shaping measures to enforce prohibition. Such as are adopted by Congress become laws of the United States and such as adopted by a state become laws of that state. They may vary in many particulars, including the penalties prescribed, but this is an inseparable incident of independent legislative action in distinct jurisdictions.

"To regard the amendment as the source of the power of the states to adopt and enforce prohibition measures is to take a partial and erroneous view of the matter. Save for some restrictions arising out of the federal Constitution, chiefly the commerce clause, each state possessed that power in full measure prior to the amendment, and the probable purpose of declaring a concurrent power to

State v. Johnson, 61 Utah 256

be in the states was to negative any possible inference that, in vesting the national government with the power of country-wide prohibition, state power would be excluded. In effect, the second section of the Eighteenth Amendment put an end to restrictions upon the state's power arising out of the federal Constitution and left her free to enact prohibition laws applying to all transactions within her limits. To be sure, the first section of the amendment took from the states all power to authorize acts falling within its prohibition, but it did not cut down or displace prior state laws not inconsistent with it. Such laws derive their force, as do all new ones consistent with it, not from this amendment, but from power originally belonging to the states, preserved to them by the Tenth Amendment, and now relieved from the restriction heretofore arising out of the federal Constitution."

There is nothing in the Utah prohibitory statute conflicting or inconsistent with the provisions of the Eighteenth Amendment or the congressional act enacted thereunder. The Utah statute makes the possession of intoxicating liquors an offense against the law while the Volstead Act (41 Stat. 305) does not. The following authorities are cited by the state: *Southern Express Co.* v. *Whittle,* 194 Ala. 406, 69 South. 652, L. R. A. 1916C, 278; *Commonwealth* v. *Nickerson,* 236 Mass. 281, 128 N. E. 273, 10 A. L. R. 1568; *State* v. *Dist. Court,* 58 Mont. 684, 194 Pac. 308; *Jones* v. *Hicks,* 150 Ga. 657, 104 S. E. 771, 11 A. L. R. 1315; *Shreveport* v. *Marx,* 148 La. 31, 86 South. 602; *Scroggs* v. *State,* 150 Ga. 753, 105 S. E. 363; *State* v. *Montgomery* (Wash.) 209 Pac. 1099; *State* v. *Allen* (Wash.) 210 Pac. 359.

The judgment of the district court is affirmed at appellant's cost.

WEBER, C. J., and THURMAN and FRICK, JJ., concur.

NOTE.—For the reason that the term of office of the Hon. E. E. CORFMAN, who was Chief Justice, expired after the presentation and submission of the foregoing case at the October, 1922, term, and that the opinion was filed after his retirement, his name is omitted from the opinion.