## STATE *v.* JAMES J. McKEE.

1. *Larceny—Commitment and Information—Variance.*

    Defendant was convicted by the magistrate for stealing sheep owned, as alleged, by 10 individuals, while the information filed in the district court alleged a several ownership in 6 of the same ten men. Variance *held* not fatal, because it appeared from the statements in the commitment and those in the information that both were intended to describe the same offense, —the same transaction.

2. *Commitment—Inaccuracies in.*

    An information will not be set aside because of inaccuracies and mistakes of the magistrate in describing the offense, or even in characterizing it, when it appears with sufficient certainty that the real transaction—the conduct, the acts and motives described in the information as the offense—was investigated by the magistrate, and a commitment made thereon.

3. *Amendments—When Immaterial.*

    It is not error to allow an amendment to an information before trial by the insertion of certain words, when the amendment

was immaterial, and the legal meaning and effect were the same without as with the amendment.

4. *Circumstantial Evidence—When Sufficient.*

When circumstances which succeed and depend upon each other as a chain alone are relied on for conviction, each link must be proven beyond a reasonable doubt; but when they form two or more chains, or if one or more of the circumstances directly connect the defendant with the commission of the crime, and do not depend upon the others, it is not necessary to prove each beyond a reasonable doubt, when all considered together establish guilt beyond a reasonable doubt.

5. *Criminal Intent.*

It was not necessary to prove that the defendant and others with him actually intended to convert the sheep to their own use. It was sufficient to prove beyond a reasonable doubt that they took the sheep away against the will of their owners, with the intention of permanently depriving them of their property; and the fact that they killed a large per cent of the sheep, wounded others and never returned the rest, was sufficient proof of such intention.

(Decided June 10, 1898.)

Appeal from the fourth district court; W. N. Dusenberry, *Judge.*

James McKee was convicted of larceny, and appeals. *Affirmed.*

*Rhodes & Williams,* for appellant.

No brief filed.

*A. C. Bishop, Attorney General,* for state; *C. S. Valrian* and *S. R. Thurman,* of counsel.

These are mostly cases in which a variance was claimed to exist between the information and the proof, and the courts have uniformly held that wherever, from the whole record, it could be ascertained that the offense proven and

the offense charged was the same, the variance as to the party injured was immaterial. *People* v. *Aris*, 26 Pac. Rep. 766; *People* v. *Edwards*, 59 Cal. 369; *People* v. *Bittencort*, 15 Pac. Rep. 744; *People* v. *Main*, 46 Pac. Rep, 612; *Martin* v. *Territory*, 43 Pac. Rep. 1067.

In Utah the information may not be set aside upon motion except in the specified case, which is presented and determined upon the face, and by an inspection of the information itself. The California statute is mandatory in requiring the information to be set aside when the defendant has not been legally committed before the filing thereof. In the one case the question is determined by the record in the superior court, *i. e.*, the information itself. In the other, necessarily by extrinsic evidence, record or otherwise. The phrase "legally committed" is held by the California court to refer to the examination of the case and the holding of the defendant to answer.. *Ex parte Baker*, 88 Cal. 84; *People* v. *Sehorn*, 116 Cal. 507.

The Utah statute conforms to the general rule relative to quashing indictments or informations, which is to confine the motion to errors or irregularities apparent upon the face of the indictment.

There are exceptions to the rule based upon defects in the constitution or impropriety in the action of the grand jury. Wharton Crim. Pled. and Prac. 9th Ed No. 388.

Our statute states the sole ground upon which an information may be set aside upon motion. This is held to be exclusive. *United States* v. *Cutler*, 5 Utah ·609; *People* v. *Schmidt*, 64 Cal. 260.

The following authorities support the proposition that the name of the owner of stolen property is not a material element of the offense, but is required to be stated in the indictment to identify the act, and that other description might take its place if it is furnished sufficient identifica-

tion. C. L. Vol. II, No. 4935; Revised Statutes No. 4738; *People* v. *Long Quong,* 60 Cal. 107; *People* v. *Hughes,* 41 Cal. 235; *People* v. *Potter,* 35 Cal. 110; *People* v. *Smith,* 112 Cal. 335.

That there is some confusion in the California cases, as admitted in appellant's brief, is clear. We will not attempt to discuss all of these decisions. The California code differs from ours in not requiring any recital in the information of a prior commitment. Deering's Penal Code, No. 809, No. 965. *People* v. *Shubrick,* 57 Cal. supra.

*People* v. *Wallace* 94 Cal. 499, is cited in support of the appeal. There were no depositions in this case, nor was there any written commitment. Therefore, as held by the court, the district attorney had no authority to look for the description of the offense beyond the complaint laid before the magistrate. There being no attempt to identify the offense other than by averment of the ownership in the complaint and information upon the face of the record, it appeared the offenses were not the same. The court affirmed the rule announced in its prior decisions, restricting the district attorney in the information to the facts appearing in the depositions returned if any, otherwise to the offense as charged in the commitment. See *People* v. *Lee Ah Chuck,* 66 Cal. 663; *People* v. *Vierra,* 67 Cal. 231; *People* v. *Parker.* 91 Cal. 92; *People* v. *Staple,* 91 Cal. 26.

But when the circumstances do not arrange themselves in the form of a chain, and do not support each other in the sense that if one fails the chain is broken, the rule does not apply. Such was the case at bar. There was positive evidence, sufficient of itself to convict. There was also a group of isolated facts, all with more or less force pointing toward guilt. *Clare* v. *People,* 9 Col. 122; *People* v. *Phipps,* 39 Cal. 333; *People* v. *Anthong,* 56 Cal.

397; *Tompkins* v. *State*, 32 Ala. 569; *State* v. *Maxwell*, 42 Ia. 213; *State* v. *Hayden*, 45 Ia 17; *Bressler* v. *People*, 117 Ill. 422; s. c., 3 N. E. 527; *Brady* v. *Com.*, II. Bush. 285.

If the court by inadvertence or otherwise in his charge to the jury stated the law incorrectly, or made any improper statement, prejudicial to the defendant, it was the duty of counsel conducting the defense to point out the objectionable feature and give the court an opportunity to correct it. A failure to do so, was a waiver of the objection even though the charge was erroneous. *Marks* v. *Thompkins*, 7 Utah 425; *People* v. *Theide*, 39 Pac. Rep. 847; *Thirkfield* v. *Sanitary Association*, 12 Utah 76; *Farr* v. *Swigart*, 13 Utah 160-61; *Lowe* v. *Salt Lake City*, 13 Utah 99. See also *Hickory* v. *United States*, 151 U. S. 316; *Mobile & Mont. R. Co.* v. *Jurey*, 11 U. S. 596: Thompson on Trials, vol. 2, sec. 2394.

The state contends that the unlawful taking of the property without color or claim of right, with intent to permanently deprive the owner of his property, constitutes the offense of grand larceny, without regard to what the defendant does with the property or intends to do with it after it is taken. Desty Am. Crim. Law, No. 145a 8, and cases cited, *Hamilton* v. *State*, 35 Miss. 214; *People* v. *Juarez*, 28 Cal. 380; *State* v. *Ware*, 10 Ala. 814; *Williams* v. *State*, 52 Ala. 411; *Regina* v. *White*, 3 C. & P. 345; 2 Bishop Crim. Law, 7th Ed. 848; 2 Bishop Crim. Law, 7th Ed. 342; *Keely* v. *State*, 14 Ind. 36; *State* v. *Davis*, 9 Vroom 176; *Dignowitty* v. *State*, 17 Tex. 521; *State* v. *Fenn*, 41 Conn. 590; *Regina* v. *Jones*, I. Den. C. C. 188; *Rex* v. *Cabbage*, Russ & Ry. 292; *State* v. *Ryan*, 12 Nev. 402; *State* v. *Slingulard*, 19 Nev. 137; *State* v. *Ward*, 19 Nev. 297; *State* v. *South*, 28 N. J. L. 28; *State* v. *Davis*, 38 N. J. L. 177; *People* v. *Flynn*, 7 Utah 378.

ZANE, C. J.:

This is an appeal from a judgment of the district court, rendered on August 26, 1897, sentencing defendant to the state prison for the term of five years, upon a verdict finding him guilty of the crime of grand larceny. Before entering his plea of not guilty, the defendant submitted a motion to set aside the information, upon the ground that he had not been committed for the crime described in it, after an examination by a magistrate. Stated more definitely, the ground was that his examination and commitment was upon the charge of having stolen 700 buck sheep, the property of John H. Reader and nine others naming them, when the information filed in the district court charged him with stealing 91 buck sheep, the property of John H. Reader, and a lesser number, the property of each of five other of the men named in the commitment. The commitment stated, in effect, the sheep were the common property of ten individuals, when the information charged they were owned individually ·y six of the same ten. One ownership was alleged to be joint; the other, several. The name of the owner of stolen property is no part of the crime. It is stated in indictments and informations as a matter of description,—as the particular species or stock of the animal stolen, or as the kind, quality or peculiarity of other personal property taken may be mentioned. The statute defines larceny to be "the felonious stealing, taking, carrying, leading, or driving away the personal property of another." The name of the owner is mentioned for the purpose of identification,—for greater certainty, so that it may be ascertained that the defendant was convicted or acquitted, as the case may have been, of a certain offense; that the defendant may not be again prosecuted for the same offense; or, if prosecuted

for another offense, that it may not be mistaken for the one of which he was convicted or acquitted.

The question presented for decision is, did it sufficiently appear upon the motion that the defendant had been examined and committed for the offense charged in the information? The information alleges that defendant, on the 19th day of July, at the county of Uinta and state of Utah, had been duly bound over by Leon R. Pack, a committing magistrate of that county, for the commission of the crime described in the information. The defendant, on the hearing of the motion, introduced in evidence a commitment, and a complaint made part of it by reference, which showed a commitment by the same magistrate mentioned in the information, and on the same day, and at the same county, for the larceny of the same kind of sheep owned by 6 of the 10 men named in the commitment, the variance relied upon being that the ownership in the commitment was alleged to be joint, while that in the information was alleged to be several. We are of the opinion that the presumption arising from the allegation of the prosecuting attorney in the information that the defendant had been duly committed for the offense charged, and from a comparison of the facts stated in the complaint to the committing magistrate, and in the commitment by him, in evidence on the motion, with those stated in the information, was not overcome by the variance relied upon by the defendant. The ownership of the sheep was not the only fact by which to identify the particular conduct of the defendant,—the transaction investigated by the magistrate. The particular time, place, description of the property, and other attending and surrounding circumstances of the act or occurrences,—the transaction,—may all be resorted to for the identification of the crime. Section 4935, Comp. Laws Utah 1888, provides that "when an

offence involves the commission of, or an attempt to commit, a private injury and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material." The information will not be set aside because of slight inaccuracies and mistakes of the magistrate in describing the offense, or even in characterizing it, when it appears with sufficient certainty that the real transaction, the conduct, the acts and motives described in the information as the offense, were investigated by the magistrate, and a commitment made thereon Such an examination and commitment the accused · is entitled to, (unless he waives it) before an information is filed against him, and no more. We are of the opinion that it sufficiently appears from the information, and the commitment and complaint made a part of it, that there had been an examination and commitment by a magistrate, as required by the constitution and statute, before the complaint was filed. While we have not been referred to any case, nor have we found one directly in point, the following to some extent support the view we have taken: *People* v. *Smith*, 112 Cal. 333; *People* v. *Parker*, 91 Cal. 91; *Ex parte Nicholas*, 91 Cal. 640; *People* v. *Leong Quong*, 60 Cal. 107.

The information, among other things, alleged that the defendant, on the day and at the county and state named, a certain number of buck sheep mentioned, the property of six persons named, feloniously did steal, take, and carry away; and, before the trial commenced, the prosecuting attorney, by leave of the court, amended the information, by inserting, between the name of the owner last mentioned and the word "feloniously," the following: "then and there all at the same time and place." To the order of the court allowing the amendment the defendant ex-

cepted, and now assigns it as error. The information, without the amendment, charged that the defendant, on the day and at the county and state mentioned, "committed the crime of grand larceny, by then and there feloniously taking, stealing, and driving away the personal property of another." This language was followed by the names of the owners of the property. Without the amendment, the information stated but one taking and carrying away, but one stealing and larceny. The legal meaning and effect of the information was exactly the same without the amendment as with it. But one transaction could be proven under it. The legal effect and signification with or without the amendment was the same. Therefore the amendment was perfectly immaterial, and could not prejudice either party, and could not be urged as a ground of demurrer or otherwise.

The defendant requested the court to charge the jury that, "when circumstantial evidence is relied on for conviction, the various circumstances relied on must make a complete chain, all together harmonizing, and must establish beyond a reasonable doubt the guilt of the defendant. And each link in the chain of circumstances must be proven and established beyond a reasonable doubt in order that a conviction may be had upon this class of evidence." This request was refused, and the defendant excepted, and assigns the refusal as error. Counsel, in his request, likens circumstantial evidence to a mechanical invention, —a chain; and each circumstances to a material contrivance,—a link. And he asserts that the existence of each link must be established beyond a reasonable doubt; that, by such a chain crime may be fastened on the accused; and that it cannot be done in any other way by circumstances. Whether the circumstances must succeed each other, each connecting with and depending on the other,

or that some or all might be directly connected with the accused and the crime, is not clear from the request.    In the first arrangement the chain of circumstances could be no stronger than its weakest link.  But if the facts are not so dependent on each other, but are connected directly with the accused, and with the act or motive constituting the crime, they should be so considered; and in that case some may be proven beyond a reasonable doubt, and others by a preponderance of the evidence, and the jury should consider them all together, and give to each circumstance such weight, when considered with all, as it deserves.    Circumstances should be considered with respect to each other, directly or indirectly, as the evidence shows them to be related.  If the inferences from the facts connect the circumstances relied upon with both the accused and the crime, without any intervening fact, and the circumstances in that way are all linked together, it follows, as before stated, that, some of them being proven beyond a reasonable doubt, others may be established by a preponderance of the evidence.  And, if the inferences from the facts proven beyond a reasonable doubt establish the guilt of the defendant beyond a reasonable doubt, the proof of others by a preponderance of the evidence simply cannot lessen the weight of the proof of guilt, but must add to it.    In the absence of direct or positive testimony, the connections between facts are matters of inference; but jurors are permitted to infer the existence of a fact in dispute from others proven.   In doing so, they may consider the habits and usages of mankind, and the uniformity of the manifestations of nature under given conditions; and, in so doing, they should draw their inferences in the light of observation and experience.    Jurors should be permitted by the instructions to draw any reasonable inference from any competent, relevant, and ma-

terial fact before them as to the existence of any other such fact. There was direct testimony before the jury, however, of the crime charged and the guilt of the defendant; and it was the duty of the jury to consider the circumstantial evidence with the direct testimony, and though one class of testimony may not have been sufficient to convict, if, when both were considered together, the whole was sufficient, it was their duty to do so. Bressler v. People, 117 Ill. 422. We find no error in the refusal of the request; nor do we find error of which the defendant can complain in giving a similar request to the one quoted with the word "only" added.

Defendant insists, further, that there was no proof that the defendant drove the sheep away from the place where they were kept by their owners, and that they were converted to the use of the defendant; that there was no evidence of asportation and conversion. There was evidence that the sheep were in the possession of the employees of their owners, and that the employees were blindfolded by the defendant and three other men, and tied to trees; and that the four men took and drove the sheep away, and killed a large number of them, and wounded many more, and never returned any of them. It was not necessary to prove that the defendant and the others with him actually intended to convert the sheep to their own use. It was sufficient to prove beyond a reasonable doubt that they took the sheep away, against the will of their owners, with the intention of permanently depriving them of their property; and the fact that they killed a large per cent. of them, wounded others, and never returned the rest, was sufficient proof of such an intention.

Other errors are assigned, which we have considered but we do not deem it necessary to extend this opinion further. The judgment of the court below is affirmed.

BARTCH, J., concurs.  MINER, J., dissents.