STATE OF UTAH, Respondent, v. PETER P. MICKEL, et al., Appellants.

INDICTMENT—DISTRICT ATTORNEY PRESENT WITH GRAND JURY—LARCENY.

1. An indictment will not be set aside on the ground that the district attorney, and not the county attorney, was present during the session of the grand jury while the charge was being considered, since the district attorney, being an officer of the State, was entitled to be present under Revised Statutes, section 4720, providing that the county attorney or attorneys for the State may at all times appear before the grand jury.

2. An indictment charging the defendants with having stolen twenty
   mares and three horses, the property of different owners, with the
   names of the several owners, and specifying the number of animals
   belonging to each owner, and stating that "all then and there being
   found unlawfully, willfully, and feloniously did steal, take and drive
   away," charges one offense, and states the facts with sufficient cer-
   tainty to notify the defendants as to what they would be called on
   to answer.

### Decided June 7, 1901.

Appeal from District Court, Seventh District.—*Hon. Jacob
Johnson,* Judge.

Peter P. Mickel and others were convicted of grand lar-
ceny, and they appeal.

AFFIRMED.

*W. K. Reid, Esq.,* for appellants.

*M. A. Breeden,* Atty.-Gen., and *W. R. White* Dep. Atty.-
Gen., for the State.

BARTCH, J.—The defendants were prosecuted by in-
dictment for the crime of grand larceny, and convicted of that
offense. Then, upon being sentenced to imprisonment in the
state prison, they appealed to this court.

Among other things, they insist that the court erred in
denying their motion to set aside the indictment. The motion
was based upon the ground that the district, and not the
county, attorney was present during the session of the grand
jury, while the charge against the appellants was being con-
sidered, and advised and consulted with the jurors concerning
the same. It is urged that such presence of the district attor-
ney was in violation of section 4772, Revised Statutes, and
that, therefore, the indictment was without force and effect,

and void. That section, so far as material here, provides: "The indictment must be set aside by the court in which the defendant is arraigned, upon his motion, . . . when a person has been permitted to be present during the session of the grand jury while the charge embraced in the indictment has been under consideration, except as provided in section forty-seven hundred and twenty." Section 4720 reads: "The grand jury may at all reasonable times ask the advice of the court or the judge thereof, or of the county attorney, but, unless such advice is asked, the judge or the court must not be present during the sessions of the grand jury. The county attorney or attorneys for the State may at all times appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable by them, and may interrogate witnesses before them whenever they or he shall think it necessary; but no other person shall be permitted to be present during the sessions of the grand jury except the members, interpreters, and witnesses actually under examination, and no person must be permitted to be present during the expression of their opinion or giving their votes upon any matter before them." This last section clearly specifies who or what persons may be present or appear before the grand jury during the investigation of a charge. Among those referred to, and whose presence is permitted, are the county attorney and "attorneys for the State," either one of whom may at all times appear before such jury for the "purpose of giving information or advice relative to any matter cognizable by them," and for the purpose of interrogating witnesses when it is deemed necessary by the attorney or jury. That a district attorney, appointed under the laws of this State, is an attorney for the State, and represents the State, does not appear to be controverted by counsel for the appellants. Being an attorney for the State, section 4720 applies to him the same as to the county attorney, and therefore, in the case at bar,

the district attorney was rightfully before the grand jury, for the purposes specified in the statute; and there is nothing to show that he appeared before them for any other purpose. Such being the case, his presence there was not in violation of the statute, and the court did not err in refusing to set aside the indictment on the grounds specified in the motion.

The disposition thus made of the point under consideration does not militate against the doctrine of the case of State v. Beddo, 22 Utah 432, 63 Pac. 96. We there held that so much of chapter 56, Session Laws 1899, as attempted to confer the power, to sign and file informations in criminal prosecutions, upon a district attorney when the existing law or old law made it incumbent upon the county attorney to sign and file such informations, was without force and effect, it being an attempt to amend an existing law in a manner inhibited by the Constitution. We held further, however, that, notwithstanding a part of the act was unconstitutional and void, the portion creating the office of district attorney was valid. In this case there is no question as to the filing of an information, but the question is as to the right of the district attorney to appear before the grand jury, during the investigation of a criminal charge, in the performance of his duties according to existing laws, and therefore the case referred to is not in point, and cannot avail the appellants.

The correctness of the action of the court in overruling the appellant's demurrer to the indictment has also been challenged by assignment of error. The demurrer was based on the ground that more than one offense was charged. The indictment charges the defendants with having stolen twenty mares and three horses, the property of different owners, stating the names of several owners, and specifying the number of animals belonging to each owner, and then follows the clause, "All then and there being found unlawfully, willfully, and feloniously did steal, take, and drive away," etc. While

this indictment may be subject to criticism, as showing a lack of artistic skill, yet we are of the opinion that the facts were stated with sufficient certainty to notify the prisoners as to what they would be called upon to answer, and to enable them to make their defense, and that it charged but one larceny, one transaction. The names of the owners of stolen property constitute no part of the offense. They are stated in an indictment as matter of description, for the purpose of identification; and such a statement or description does not constitute a distinct charge, or render the indictment bad for duplicity, or subject to demurrer. "Where many articles are stolen at one time, there is only one theft, whether the ownership is in one person or many. And where the thief has been in jeopardy for any part of the larceny, the prosecution is exhausted, and he can not be indicted for anything the State chose to omit." Bish. Cr. Law, sec. 888, subd. 3; State v. Spencer, 15 Utah 149, 49 Pac. 302; State v. Carrington, 15 Utah 480, 50 Pac. 526; State v. McKee, 17 Utah 370, 53 Pac. 733; Fulmer v. Com., 97 Pa. 503; Com. v. Sullivan, 104 Mass. 552. We find no reversible error in this record. The judgment is affirmed.

*Miner, C. J.,* and *Baskin, J.,* concur.